IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Patrick R. Gleason and Susan A. Gleason, | Case No. 13-cv-704 (ADM/FLN) |
| Plaintiffs, | |
| vs. | **DEFENDANT TRUST'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2006-HE3 | |
| Defendant. | |

---

## INTRODUCTION

Plaintiffs have sought partial summary judgment by arguing that Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2006-HE3 (the "Trust") failed to strictly comply with Minnesota Statute Section 580.07. However, this is not a case of strict compliance, but a case about what the statute requires from the Trust as the foreclosing party.

Although the Plaintiffs spend a majority of their summary judgment brief discussing strict compliance with the foreclosure by advertisement statutes, the Trust does not argue or assert that it was not in strict compliance, but rather that the section for which the alleged violation occurred is not applicable to the foreclosing party but to the homeowner. As such, the act at issue here (the sale an alleged day late) does not fall under the framework of the cases requiring strict compliance by the foreclosing party.

Accordingly, this Court should deny the Plaintiffs' motion for partial summary judgment and instead grant the Trust's motion to dismiss the Plaintiffs' claims.

## STATEMENT OF FACTS

While in a motion for summary judgment, the facts must be liberally construed in the light most favorable to the non-moving party (here the Trust), there do not appear to be disputes as to any material facts. The factual record has been outlined in both the Trust's motion to dismiss and the Plaintiffs' motion for summary judgment. At issue is simply whether or not the sheriff's foreclosure sale that occurred on January 11, 2013, five months and one day after the original August 10, 2012 sale date, was a valid or invalid sale. There is no dispute that the sheriff's foreclosure sale occurred or the date the sale occurred.

## ARGUMENT

I. **The Court Should Deny the Plaintiffs' Motion Because They Fail To State A Claim Against The Trust.**

In their partial summary judgment papers, the Plaintiffs argue that the Trust failed to strictly comply with Minnesota Statutes Section 580.07 because the foreclosure sale took place five months and one day after the original August 10, 2012 sale date and consequently the foreclosure sale is invalid. The Trust has briefed its arguments in the Trust's motion to dismiss and will only recap those arguments here.[1]

---

[1] The Trust respectfully requests that the Court review this memorandum in conjunction with the Trust's memorandum in support of its motion to dismiss.

As stated, the foreclosure sale was postponed for five months by the Plaintiffs as contemplated by Minnesota Statute Section 580.07, subdivision 2(a)(1), but the sale itself was then held five months and a day after the original sale date. The Plaintiffs argue that this one day delay is fatal. But none of the cases that the Plaintiffs use to support their argument addresses Minnesota Statute Section 580.07, subdivision 2(a)(1) and whether or not the language of this subdivision creates a duty to be carried out by the Trust.

The Plaintiffs attempt to use *Clifford v. Tomlinson*, 62 Minn. 195, 197-198, 64 N.W. 381, 381-82 (1895) as a case to support that a "seemingly minor and technical error is unacceptable." (Doc. 15 p. 6.) But the technical error discussed in *Clifford* is that the notice of foreclosure contained an incorrect date of the mortgage itself. *Peaslee v. Ridgway*, 82 Minn. 288, 289, 84 N.W. 1024,1024-25 (1901), addresses a notice of foreclosure citing the wrong page number of the record book in which the mortgage was recorded. *Moore v. Carlson*, 112 Minn. 433, 433-35, 128N.W. 578, 578-79 (1910), addresses a notice of foreclosure which failed to include all the mortgage assignments as required by statute. Finally, *Sheasgreen Holding Co. v. Dworsky*, 181 Minn. 79, 80, 231 N.W. 395, 396 (1930), discusses the recording of a power of attorney after the foreclosure sale, instead of before as required by the statute.

Each of these cases involve matters where the foreclosing party made an error in carrying out the foreclosure, and in each case it was an error involving a task defined or required by the statute to be carried out by the foreclosing party. None of these cases involves a matter where the statute did not place the obligation for compliance on the foreclosing party.

In contrast, this is a case where the Trust as foreclosing party complied with its statutory duties. The failure complained of is simply not found as an obligation of the foreclosing party in the relevant statute:

> **Subd. 2. Postponement by mortgagor or owner.** (a) If all or a part of the property to be sold is classified as homestead under section 273.124 and contains one to four dwelling units, the mortgagor or owner may, in the manner provided in this subdivision, postpone the sale to the first date that is not a Saturday, Sunday, or legal holiday and is:
>
> (1) five months after the originally scheduled date of sale if the original redemption period was six months under section 580.23, subdivision 1;

Minn. Stat. § 580.07, subd. 2(a)(1)(emphasis added). The postponement of the foreclosure sale was at the request of and to the advantage of the Plaintiffs. Indeed, the entire subdivision focuses on the obligations and duties of the Plaintiffs, not the Trust. In fact, the only obligation that is required of any other party is that the Sheriff's Certificate of Sale indicate "the actual date of the foreclosure sale and the actual length of the mortgagor's redemption period." Minn. Stat. § 580.07, subd. 2(a)(2). And here, the Sheriff's Certificate of Sale accurately stated both the sale date of January 11, 2013 and the length of the redemption period. (App. 30.)2

The Plaintiffs' claim requires reading into the statute provisions respecting the actual sale date that simply are not there. When interpreting a statute, courts look to its plain language to see whether the statute, on its face, is clear or ambiguous. *See Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). There is no ambiguity in that the Plaintiffs' postponement does not create a duty for the foreclosing party or an obligation

---

2 All references to "App. ___" are to the Trust's Appendix that accompanied the Trust's motion to dismiss.

on the foreclosing party. There is nothing in subdivision 2 that requires acts of the mortgagee or requires the sheriff or mortgagee to proceed with the sale on an exact date after the five month postponement.

The Plaintiffs allege that if the statute is not read as stating that the Trust must have the sale exactly five months later, the statute would become void or mislead purchasers. To support their argument, the Plaintiffs quote two cases that assert that the sale must take place on the date as advertised. However, both cases are cases that address the timing of a foreclosure as set by the foreclosing party and not postponed by the homeowner. *See Richards v. Finnegan*, 45 Minn. 208, 47 N.W. 788 (1891) and *Simonton v. Connecticut Mut. Life Ins. Co.*, 90 Minn. 24, 95 N.W. 451 (1903).

The Plaintiffs point out that under Minnesota Statue Section 580.07, subdivision 2 there is no requirement to re-publish the sale date and thus to not require the Trust to hold the sheriff's foreclosure sale exactly five months later would greatly prejudice any other buyers. (Doc. 15 p. 11.) If there is any question as to the date of the sheriff's foreclosure sale, the identity of the foreclosing law firm is clearly identified. Any party can contact the foreclosing law firm (or the sheriff) and inquire as to when the sale is to occur. In any event, the words and phrases of a statute are to be construed according to their plain and ordinary meaning, not to the meaning which the Plaintiffs would prefer. *See Frank's Nursery Sales, Inc. v. City of Roseville,* 295 N.W.2d 604, 608 (Minn. 1980).

Here, there are two distinct sections of Section 580.07 that discuss the acts required of the respective parties. It would be illogical to read each subdivision as creating an unwritten duty in the mortgagor or mortgagee where one does not clearly

exist. It would be to add a new level to the strict compliance laws to start asserting strict compliance by inference. Subdivision 2 is silent as to when the actual sale must be held by the foreclosing party and places no duty on the foreclosing party. Therefore, the Trust has complied with the statute and does not run afoul of recent case law requiring that the foreclosing party strictly comply with the terms of the statute. *Ruiz v. 1st Fid. Loan Servicing, LLC*, A11-1081, 2013 WL 1629192 at *4 (Minn. Apr. 17, 2013) and *Jackson v. Mortgage Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 494 (Minn. 2009) (citing *Moore v. Carlson,* 112 Minn. 433, 434, 128 N.W. 578, 579 (1910)). Strict construction does not allow for an inference of duties and obligations of the foreclosing party where the statute does not set them forth. Here, the foreclosing party (the Trust) was not the party acting under the statute, it was the Plaintiffs.

Thus, the date of the sheriff's foreclosure sale exactly five months and one day after the originally scheduled sale date meets the requirements of the law, and the Plaintiffs' attempt to invalidate the foreclosure on this basis fails as a matter of law.

## **CONCLUSION**

As demonstrated above, the Plaintiffs lack any factual or legal basis for the one claim that the Plaintiffs plead against the Trust. This Court should deny the Plaintiffs' motion for summary judgment and dismiss the Plaintiffs' claims.

Dated: April 29, 2013

s/ Elizabeth A. Walker
D. Charles Macdonald
Bar Number 151385
Elizabeth Walker
Bar Number 0393468
Attorneys for Defendant
Deutsche Bank National Trust Company,
as Trustee for Morgan Stanley ABS
Capital I Inc., Trust 2006-HE3
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
charles.macdonald@FaegreBD.com
elizabeth.walker@FaegreBD.com